UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Party Princess Toledo, LLC, et al.,                    Case No. 3:17-cv-2490

        Plaintiffs

    v.                                                        MEMORANDUM OPINION


Party Princess USA LLC, et al.,

        Defendants


       Defendants move for a stay of this case pending arbitration pursuant to Section 3 of the

Federal Arbitration Act, 9 U.S.C. § 3. (Doc. No. 11). Plaintiffs contend a stay is not warranted,

arguing the arbitration clause contained within the Franchise Agreement at issue in this case is void

under Ohio law. (Doc. No. 16). Defendants replied in favor of the stay. (Doc. No. 17).

       Section 2 of the FAA provides,

> A written provision in … a contract evidencing a transaction involving commerce to
> settle by arbitration a controversy thereafter arising out of such contract … shall be
> valid, irrevocable, and enforceable, save upon such grounds as exist at law or in
> equity for the revocation of any contract.

9 U.S.C. § 2. Thus, "before referring a dispute to an arbitrator, the court determines whether a valid

arbitration agreement exists."[1] *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S.Ct. 524, 530

(2019).

---

[1] At the outset, Defendants urge me to find the arbitrator, rather than this court, has jurisdiction to
determine this question. But this conclusion would violate the Franchise Agreement itself, which
states, "Disputes concerning the validity or scope of arbitration, including whether a dispute is
subject to arbitration, are beyond the authority of the arbitrator(s) and will be determined by a court
of competent jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., as amended
from time to time." (Doc. No. 1-1 at 48).

In this case, Plaintiffs contend the Franchise Agreement's choice of venue for arbitration in Denver, Colorado runs afoul of O.R.C. § 1334.06(E), which states,

> In connection with the sale or lease of a business opportunity plan, any provision in an agreement restricting jurisdiction or venue to a forum outside of this state, or requiring the application of laws of another state, is void.

O.R.C. § 1334.06(E). Within the same statutory scheme related to franchise agreements, the Ohio Revised Code provides, "any venue or choice of law provision that deprives a [franchisee] who is an Ohio resident of the benefit of those sections is contrary to public policy and is void and unenforceable." O.R.C. § 1334.15(B).

As a general rule, as a district judge in Ohio, I must apply Ohio conflict-of-laws rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). But I must first determine whether federal law preempts Ohio law, or more specifically, whether the FAA preempts O.R.C. § 1334.06(E).

"The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989). But the FAA will preempt a state law which, (1) "prohibits outright the arbitration of a particular type of claim," or (2) has "a 'disproportionate impact' on arbitration agreements…[that] 'stand[s] as an obstacle to the accomplishment of the FAA's objectives.'" *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 197-98 (6th Cir. 2016) (quoting *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 341-42, 352 (2011)). Since O.R.C. § 1334.06(E) applies generally to "*any* provision in an agreement," rather than prohibiting arbitration alone, it will be preempted only if it has a "disproportionate impact" on arbitration agreements that "stands as an obstacle to FAA's objectives." There is nothing to indicate that is the case here.

The choice-of-law and choice-of-venue provisions addressed in O.R.C. § 1334.06(E) apply not only to arbitration clauses, but *any* forum selection clause in a franchise agreement. This sweeping, indiscriminate restriction puts "arbitration agreements *on equal footing* with all other

contracts[.]" *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (emphasis added). Further, O.R.C. § 1334.06(E) renders void only those *provisions* "restricting jurisdiction or venue to a forum outside of this state, or requiring the application of laws of another state." Therefore, only the arbitration clause's choice-of-venue *provision* is void, not the entire arbitration clause.[2] Thus, the "national policy favoring arbitration" is preserved, effecting the intent of the contracting parties to arbitrate. *Buckeye*, 546 U.S. 443; *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967) ("As the 'savings clause' in [Section 2] indicates, the purpose of Congress in 1925 was to make arbitration agreements as enforceable as other contracts, but not more so.").

Because O.R.C. § 1334.06(E) does not have a "disproportionate impact" on arbitration agreements and does not interfere with the FAA's policy interests, it must be enforced here to void the Denver, Colorado choice-of-venue provision of the arbitration clause. In turn, finding the remainder of the arbitration clause valid, I grant a stay of this action until such arbitration has been had in accordance with the terms of the agreement and my ruling above. 9 U.S.C. § 3.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[2] I reject Plaintiffs' proposition that the *entire* arbitration clause of the Franchise Agreement must be considered void under the statute. Instead, in accordance with the Franchise Agreement and the statute, the choice-of-venue *provision* is severed and considered void. (*See* Doc. No. 1-1 at 46-47).